UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO YATES,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 16-cv-01077-MEJ<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**ORDER VACATING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 16 |

## INTRODUCTION

In this employment discrimination case brought by pro se Plaintiff Fernando Yates ("Plaintiff"), Defendant West Contra Costa Unified School District ("Defendant") moves for dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 16. Plaintiff filed an Opposition (Dkt. No. 19), and Defendant filed a Reply (Dkt. No. 20). The Court finds this matter suitable for disposition without oral argument and **VACATES** the June 2, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion **WITH LEAVE TO AMEND** for the following reasons.

## BACKGROUND

Plaintiff filed this case on March 2, 2016, on a pleading form entitled "Employment Discrimination Complaint." Compl., Dkt. No. 1. The pre-filled portion of the form states: "This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." *Id.* at 1. Plaintiff alleges that at some unspecified time in 2014, he was demoted from a teaching position to a substitute position due to "brain surgery." *Id.* at 2. He further alleges that when Defendant found out he had brain surgery, "they ask[ed] me for a letter from my

1  neurosurgeon because they believed that I could not perform my job well due to my brain
2  surgery." *Id.* Plaintiff does not allege he is a member of a particular class.
3  Defendant filed the present Motion on April 19, 2016, arguing that the Complaint fails to
4  state a viable claim for employment discrimination. Mot. at 4. In the alternative, Defendant
5  moves for a more definite statement pursuant to Rule 12(e). *Id.* at 4-5.

## LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly

be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted).  However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Title VII requires a showing that "race, color, religion, sex, or national origin was a motivating factor for any employment practice[.]" 42 U.S.C. § 2000e-2(m).  To establish a prima facie case of discrimination, a plaintiff must show: (1) he belongs to a protected class based on his race, color, religion, sex, or national origin; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the employer treated similarly situated employees outside his classification more favorably.  *Chuang v. Univ. of Cal. Davis, Bd. of Tr.*, 225 F.3d 1115, 1123 (9th Cir. 2000).

Plaintiff's Complaint fails to state a viable claim for employment discrimination under Title VII because he does not allege membership in one of the protected classes.  In his Opposition, Plaintiff argues he has established a prima facie case because: "i) he has a brain surgery ii) he was qualified for the position he held iii) he suffered an adverse employment action iv) that adverse action occurred in circumstances giving rise to the claim." Opp'n at 2.  Plaintiff contends he "was demoted from a teaching to a [substitute] position because Defendant's [sic] believed that Plaintiff could not perform his duties due to brain surgery." *Id.*  However, the fact that Plaintiff had brain surgery does not establish that he is a member of a protected class under Title VII.  Instead, Plaintiff must establish discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(m).

Although Plaintiff argues his allegations satisfy the requirements of Title VII, based on his allegations regarding brain surgery, it appears he seeks to bring a claim for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

3

1   The ADA prohibits employers from discriminating against any "qualified individual on the basis
2   of disability." 42 U.S.C. § 12112.  To establish a prima facie case of disability discrimination
3   under the ADA, a plaintiff must show that: "(1) she is disabled within the meaning of the ADA;
4   (2) she is a qualified individual able to perform the essential functions of the job with or without
5   reasonable accommodation; and (3) she suffered an adverse employment action because of her
6   disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012)
7   (alterations omitted).

8   While Plaintiff may be able to plead a plausible ADA claim, he has not asserted such a
9   claim at this point.  He appears to allege he is disabled because he had brain surgery.  Although
10  not plead in the Complaint, Plaintiff submitted a note from his neurosurgeon as part of his
11  Opposition, stating that Plaintiff "has made a full recovery and is cleared to work with no
12  limitations."  Opp'n at 4.  However, while the Court may consider documents attached to
13  Plaintiff's Complaint, *see Parks Sch. of Bus.*, 51 F.3d at 1484, Plaintiff did not include this letter
14  as part of his Complaint and it is therefore not properly considered at the motion to dismiss stage.
15  Finally, Plaintiff alleges he suffered an adverse employment action in that he was demoted.

16  In sum, the Court finds the current version of Plaintiff's Complaint does not show he is
17  entitled to relief.  However, pro se pleadings are held to "less stringent standards than formal
18  pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).
19  While Plaintiff has not established a viable claim under Title VII, it appears he may be able to
20  state a claim under the ADA.  Because the Court may not "dismiss a pro se complaint without
21  leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be
22  cured by amendment,'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted),
23  leave to amend is appropriate to provide Plaintiff an opportunity to allege facts supporting a
24  plausible claim.

## CONCLUSION

26  Based on the analysis above, the Court **GRANTS** Defendant's Motion **WITH LEAVE**
27  **TO AMEND**.  Plaintiff shall file an amended complaint by June 13, 2016.  If Plaintiff does not
28  file an amended complaint by June 13, the Clerk of Court shall terminate this case.  As the

4

pleadings remain unsettled, the Court **VACATES** the June 2, 2016 Case Management Conference and all related deadlines.

If Plaintiff chooses to file an amended complaint, the Court advises him that he may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available online at: http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: May 11, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge