1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| FERNANDO YATES,<br><br>       Plaintiff,<br><br>   v.<br><br>WEST CONTRA COSTA UNIFIED<br>SCHOOL DISTRICT,<br><br>       Defendant. | Case No.  16-cv-01077-MEJ<br><br>**ORDER GRANTING MOTION TO<br>AMEND COMPLAINT**<br><br>Re: Dkt. No. 50 |

7

8

9

10

11

12

**INTRODUCTION**

13

Pro se Plaintiff Fernando Yates ("Plaintiff") requests leave to file a Second Amended

14

Complaint ("SAC").  Mot., Dkt. No. 50; *see*  Proposed SAC, Dkt. No. 52.  In the Proposed SAC,

15

Plaintiff includes additional factual allegations to support his claim for disability discrimination

16

under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12101 et seq.  *See id.*

17

Defendant West Contra Costa Unified School District ("Defendant") filed an Opposition.  *See*

18

Opp'n, Dkt. No. 54.  Plaintiff filed a Reply, which he styled as a second motion to amend.  *See*

19

Reply, Dkt. No. 56.

20

The Court finds this matter suitable for disposition without oral argument and **VACATES**

21

the January 26, 2017 hearing.  *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).  Having considered the

22

parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS**

23

Plaintiff's Motion to Amend the Pleadings for the following reasons.

24

**BACKGROUND**

25

Plaintiff worked as a teacher in one of Defendant's schools.  He alleges Defendant

26

discriminated against him on the basis of his deafness, and because it perceived him as having a

27

physical or mental impairment after he had brain surgery.  First Am. Compl. ("FAC") ¶¶ 17-23,

28

Dkt. No. 25.  Plaintiff also alleges Defendant retaliated against him after he objected to being

*United States District Court*
*Northern District of California*

demoted due to his disability.  *Id*. ¶¶ 24-28.  Plaintiff now seeks to add factual allegations that primarily pertain to an October 2014 request for accommodation, namely, a request to arrange his classroom to provide more space between himself and his students.  *See* Mot. at 3-4; Proposed SAC ¶ 10; *see also* Opp'n at 5-6 (describing proposed revisions).  Plaintiff asked Defendant to stipulate to the filing of the SAC.  *See* Mot. at 3-4.  Defendant agreed to do so, on the condition Plaintiff remove from the Proposed SAC the same request for punitive damages that exists in the operative complaint.  *See* Opp'n at 2; Decl. of T. Murphy ("Murphy Decl.") ¶ 9, Dkt. No. 54-1; *see* FAC at 4 (Demand for Relief).  Defendant explained punitive damages are not recoverable against a public entity, and that it would be forced to move to strike the request if Plaintiff filed the Proposed SAC as written.  Murphy Decl., Ex. C.  Plaintiff declined to remove the request for punitive damages because Defendant had not previously objected to it.  *Id*.. ¶ 10 & Ex. C.  As a result, Defendant declined to stipulate to the filing of the SAC, and Plaintiff filed the present Motion.

## LEGAL STANDARD

A party may amend his pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion.  Fed. R. Civ. P. 15(a)(1).  Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).  Plaintiff moves for leave to amend pursuant to Rule 15(a)(2).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted).  "Not all of the factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.  Prejudice is the touchstone of the inquiry under

2

Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under *Rule 15(a)* in favor of granting leave to amend." *Id.* at 1052 (emphasis in original). "Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).

## DISCUSSION

### A.    Bad Faith

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). Defendant does not argue, nor does the Court find any suggestion, that Plaintiff has acted in bad faith.

### B.    Undue Delay

"[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g., Jackson*, 902 F.2d at 1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").

A moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson*, 902 F.2d at 1388. Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in assessing untimeliness. *Id.* "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "At some point, . . . a party may not

United States District Court
Northern District of California

3

1    respond to an adverse ruling by claiming that another theory not previously advanced provides a

2    possible [ground] for relief and should be considered." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866

3    F.2d 1149, 1161 (9th Cir. 1989) (quotation marks omitted).

4         Defendant argues that Plaintiff knew the facts he now seeks to use to amend the pleadings

5    no later than October 2014, when he participated in a conversation with his employer, and that

6    Plaintiff has not explained the reason for his delay. *See* Opp'n at 7. Plaintiff explains "this claim

7    that [the Equal Employment Opportunity Commission] investigated I did not realize that it was

8    part of my Complaint until October 2016. As soon as I realized I sent an email to Defendant's

9    counsel" to seek his agreement to amend the operative complaint. Mot. at 4. The failure to earlier

10   assert a failure to accommodate claim might constitute undue delay if Plaintiff was represented by

11   counsel, but he is representing himself. *See Judan v. Wells Fargo Bank*, 2016 WL 4411817, at *1

12   (N.D. Cal. Aug. 19, 2016) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* pleadings

13   are held "to less stringent standards than formal pleadings drafted by lawyers")). Under these

14   circumstances, the Court cannot find Plaintiff's failure to include these allegations earlier

15   constitutes undue delay.

16   **C.    Prejudice to the Opposing Party**

17        "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*,

18   833 F.2d at 187. "A need to reopen discovery and therefore delay the proceedings supports a

19   district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed*

20   *Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North*

21   *Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). However, "[n]either delay

22   resulting from the proposed amendment nor the prospect of additional discovery needed by the

23   non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco Thermal Controls*

24   *LLC v. Redwood Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009).

25        Defendant argues it will be prejudiced because it will incur the "expense for filing a

26   responsive pleading to the amended pleading . . . and the need for additional discovery." Opp'n at

27   8; *see also* Murphy Decl. ¶ 11 & Ex. C (additional expenses required to respond to Plaintiff's

28   request for legally-unavailable punitive damages). Defendant further argues the proposed

United States District Court
Northern District of California

4

amendments and the necessary discovery will unduly delay the proceedings.  *Id*.  These arguments are insufficient to show Defendant will suffer "substantial" prejudice as a result of the proposed amendment.  *See Tyco Thermal Controls*, 2009 WL 4907512, at *3.  The lack of substantial prejudice is underscored by the fact the Court-imposed deadline for amending the pleadings has not yet expired, the discovery cut-off is May 23, 2017, and Defendant's deadline for filing a dispositive motion is not until June 22, 2017.  *See* Case Mgmt. Order at 2, Dkt. No. 41.  Defendant thus has sufficient time to conduct any additional discovery.  The Court finds that any prejudice to Defendant is minimal.

### D.   Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient.  However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]"  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  While Defendant argues Plaintiff's "purported disability has nothing to do with the fact that he separated from employment with the school district" and that discovery taken to date demonstrates Plaintiff resigned after being directed to return to the classroom (Opp'n at 6), Defendant does not demonstrate Plaintiff's proposed amendments would be futile.

Defendant argues punitive damages are not recoverable against a public entity (Opp'n at 2) and asks the Court to order "that any amended complaint not contain a prayer for punitive damages" (*id*. at 8).  If Plaintiff were moving to amend the complaint to add a request for punitive damages, Defendant's request might be well-taken on the ground such an amendment would be futile.  But Plaintiff included a request for punitive damages in his earlier pleading.  *See* FAC, Demand for Relief.  Defendant responded to that pleading without addressing the request for punitive damages.  Answer, Dkt. No. 26.  To the extent Defendant finds it necessary to address Plaintiff's request for punitive damages at the pleading stage, it may do so by moving to strike that portion of the SAC.

### E.   Previous Amendments

Courts have broader discretion in denying motions for leave to amend after leave to amend

5

1    has already been granted.  *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing

2    *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).  In *Chodos*, the Ninth Circuit

3    affirmed the district court's denial of leave to amend when the party knew of the factual basis for

4    the amendment prior to a previous amendment.  292 F.3d at 1003.  Further, a party that contends it

5    learned "new" facts to support a claim should not assert a claim that it could have pleaded in

6    previous pleadings.  *Edwards Lifesciences LLC v. Cook Inc.*, 2008 WL 913328, at *3 (N.D. Cal.

7    Apr. 2, 2008) (citing *Chodos*, 292 F.3d at 1003).

8         Plaintiff has previously amended his complaint.  As discussed above, Plaintiff knew the

9    factual basis for the amendment no later than October 2014, but did not understand the legal

10   import of the facts until recently.  For the same reason the Court declined to find undue delay, the

11   Court declines to find that the prior amendment, under the circumstances of this case, precludes

12   Plaintiff's request to file the Proposed SAC.

13   **F.      Defendant's Additional Arguments**

14        In its Opposition, Defendant argues the Proposed SAC does not conform with the

15   applicable local rules because it is not accompanied by a proposed order, and is not on paper with

16   numbered lines.  Opp'n at 4.  Plaintiff submitted a proposed order with his Reply.  *See* Reply at 1.

17   The Court will not deny the Motion simply because this pro se party did not use the correct

18   numbered lines.  Defendant also contends Plaintiff's failure to provide the required factual and

19   legal support for his motion to amend prejudices Defendant.  Opp'n at 4-5.  The Court finds

20   Plaintiff sufficiently states the legal and factual bases for adding a failure to accommodate claim

21   under the ADA.  Finally, if the Court grants Plaintiff leave to amend, Defendant asks the Court to

22   (1) order Plaintiff to pay all costs Defendant incurred as a result of the delay, and (2) limit the

23   proposed amendment to minimize prejudice to only those allegations that bear on legal theories

24   asserted.  Opp'n at 8.  The Court denies these requests:  Plaintiff's amendment is discrete and

25   timely, and any prejudice to Defendant is minimal and can be cured by additional discovery.

26                                  **CONCLUSION**

27        Because the Court finds no bad faith and no undue delay on Plaintiff's part; only minimal

28   prejudice to Defendant; and no indication the proposed amendment would be futile, the Court

United States District Court
Northern District of California

6

1    **GRANTS** Plaintiff's motion for leave to amend.  The Proposed SAC will become the operative

2    complaint; Plaintiff need not re-file the document.  Defendant shall respond to the SAC no later

3    than February 2, 2017

4        **IT IS SO ORDERED.**

5

6    Dated: January 5, 2017

7    _____

8    MARIA-ELENA JAMES
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California