UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO YATES,<br>　　　　Plaintiff,<br>　　v.<br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT,<br>　　　　Defendant. | Case No. 16-cv-01077-MEJ<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 53 |

　　　　Plaintiff Fernando Yates filed a Motion for Appointment of Counsel in this civil lawsuit against Defendant West Contra Costa Unified School District. *See* Mot., Dkt. No. 53. The Court finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered Plaintiff's position, relevant legal authority, and the record in this case, the Court **DENIES** Plaintiff's Motion for the following reasons.

　　　　Plaintiff explains he requests counsel because he is not familiar with the rules and procedures of the United States District Court for the Northern District of California, the case is complex, proceeding in pro per will prevent him from having a fair trial, and he has no experience in trying a case. *See* Mot.

　　　　Generally, a person has no right to appointed counsel in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may appoint counsel under "exceptional circumstances" for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive; rather, they must be viewed together. *Wilborn v.*

*Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff presents no evidence that the circumstances are "exceptional" within the meaning described above. Plaintiff is a college graduate with several teaching credentials. *See* Second Am. Compl. ("SAC"), Dkt. No. 52 at 6-7. He has demonstrated he is capable of understanding and following court rules and prior orders of this Court by timely filing and amending his pleadings, attempting to meet and confer with opposing counsel as required by the local rules, moving to amend his pleading, and filing case management conference statements. The SAC, which asserts claims against Defendant for discrimination and retaliation in violation of the Americans with Disabilities Act, does not appear to present unusually complex or novel legal issues. At this juncture, it would be premature to evaluate the likelihood of Plaintiff's success on the merits of his claims. Accordingly, there is no legal basis to support the appointment of counsel at this time, and the request is denied. As the case moves closer to trial, Plaintiff may renew his request for the appointment of counsel.

The Court advises Plaintiff that there are additional resources available. First, Plaintiff may wish to obtain a copy of the District Court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available at the Clerk's Office and at: http://cand.uscourts.gov/prosehandbook. Second, Plaintiff may wish to seek assistance from the Legal Help Center. The Legal Help Center is a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco to provide information and limited-scope legal assistance to pro se litigants in civil cases. Plaintiff may take advantage of the Legal Help Center resources by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. More information is available at: http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: January 5, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge