UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO YATES,<br>　　　　Plaintiff,<br>　　v.<br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT,<br>　　　　Defendant. | Case No. 16-cv-01077-MEJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; REQUEST FOR POLYGRAPH**<br><br>Re: Dkt. Nos. 57, 90 |

　　Plaintiff requested in discovery and now moves to compel the production of two documents: (1) a letter informing Plaintiff of his demotion to substitute teacher, and (2) a letter forcing Plaintiff to sign his resignation. *See* Mot., Dkt. No. 57.  In his Reply, Plaintiff clarifies the second document "is referring to the form handed in on November 14, 2014, by Cheryl Cotton, Director of Human Resources (Exhibit 3) . . . [O]n November 21, Plaintiff went to Cheryl Cotton office to correct and complete the form by defendant's request.  (Exhibit 4).  Plaintiff is referring to the form, WHERE IS THAT FORM?"  Reply, Dkt. No. 61 at 2 (capitalization in original). Exhibit 4 is a November 20, 2014 email from Cheryl Cotton to Plaintiff, stating she "received [his] resignation form, however, the dates are not correct and the form is also incomplete.  A resignation form is attached.  Please come in or call if you need assistance completing the form. We need to receive the completed form by Friday, November 21, 2014."  Reply, Ex. 4; *see also* Dkt. Nos. 63 (attaching additional documents), 64 (declaration).  Plaintiff argues this email establishes Ms. Cotton had a copy of the missing resignation letter.

　　Defendant West Contra Costa County School District ("Defendant") responded it had searched for responsive documents, but that they could not be produced because to the best of its knowledge, these documents had never existed.  *See* Opp'n at 2-3, Dkt. No. 60.

　　During a status hearing on the matter, Plaintiff reiterated the basis for his contention the

documents existed. The Court ordered Defendant's counsel to investigate the existence of the documents further, and to obtain declarations from Defendant's employees who interacted with Plaintiff in connection with the documents. *See* Minutes, Dkt. No. 75.

Defendant's counsel, Ms. Cotton, and two other District employees (Ms. Villagomez and Ms. Sellers-Edwards) filed declarations as requested by the Court. Counsel declared the two documents Plaintiff seeks were not contained in his personnel file, and that further investigation by counsel and his client established the documents were not in Defendant's files. Murphy Decl. ¶¶ 3-7, Dkt. No. 84. Counsel is informed and believes that, based on Plaintiff's contract at the time of the events alleged in the Complaint, the District did not have the authority to demote Plaintiff, and thus would not have prepared a letter of demotion. *Id*. ¶¶ 8-9. Ms. Cotton corroborates counsel's understanding that no demotion letter would have been prepared for Plaintiff under the circumstances. Cotton Decl. ¶ 6, Dkt. No. 85. Ms. Cotton also corroborates Plaintiff's recollection that he showed her a resignation form in November 2014 and that she asked him to correct the information. *Id*. ¶ 8. She declares Plaintiff did not return the completed document and that Defendant never received a completed and signed letter of resignation; she also declares she "did not retain a copy of the incomplete resignation form tendered" by Plaintiff in November 2014." *Id*. The other District employees who may have witnessed Plaintiff's interaction with Ms. Cotton in November 2014 have no recollection of such events. Villagomez Decl. ¶ 3, Dkt. No. 86; Sellers-Edwards Decl. ¶ 3, Dkt. No. 87. The Court also notes Ms. Cotton's November 20, 2014 email can be construed to attach a blank resignation form, not Plaintiff's incomplete form.

The Court further notes that Plaintiff's union representative, Rhem Bell, wrote to Ms. Cotton on November 19, 2014, stating: "You confirmed that you already have his resignation effective June 2015." Reply, Ex. 4. While this statement is subject to several evidentiary objections, it suggests that Ms. Cotton acknowledged to Mr. Bell receipt of Plaintiff's resignation; however, Mr. Bell does not describe the format in which the resignation was made (e.g., verbal, email, paper), or clarify whether Ms. Cotton was referring to a final and effective resignation letter, or to Plaintiff's allegedly defective resignation letter.

1    In light of the declarations submitted in connection with this dispute, the Court finds there
2 are no documents to compel and accordingly **DENIES** Plaintiff's Motion.  The Court also
3 **DENIES** Plaintiff's "suggestion" to submit Ms. Cotton to a polygraph examination (Dkt. No. 90
4 at 3).  Plaintiff nonetheless may propound additional discovery and/or depose Ms. Cotton to obtain
5 clarification about the "resignation effective June 2015" that is referenced in Mr. Bell's email or
6 about the form resignation letter Ms. Cotton emailed him.
7    **IT IS SO ORDERED.**

Dated: March 1, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge