United States District Court<br/>Northern District of California

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 FERNANDO YATES,

Plaintiff,

Case No. 16-cv-01077-MEJ

8

v.

**ORDER DENYING PLAINTIFF'S
REQUEST FOR WAIVER OF
DEPOSITION COSTS**

9

10 WEST CONTRA COSTA UNIFIED
SCHOOL DISTRICT,

Re: Dkt. No. 79

11

Defendant.

12

13      Pro per Plaintiff Fernando Yates ("Plaintiff") filed a "Request . . . for the Court to Cover

14 and/or Waive Costs Associated to Deposition of Defendant." *See* Dkt. No. 79.  In fact, Plaintiff

15 does not seek to depose Defendant West Contra Costa Unified School District (the "District"), but

16 three current or former employees of the District.   Plaintiff requests the Court "cover and/or

17 waive costs associated" with deposing nonparties Assistant Superintendent of Human Resources

18 Kenneth Whitmore, Director of Human Resources Cheryl Cotton, and Principal David Luongo.

19 *Id.*

20      Plaintiff's request for the Court to pay his deposition fees is based on his in forma pauperis

21 ("IFP") status.  *See id.*  While the IFP statute, 28 U.S.C. § 1915, allows a federal court to waive

22 the filing fee that would cause hardship and prevent an indigent litigant from accessing the courts,

23 "it does not require the court to order financing of the entire action or waiver of fees or expenses

24 for witnesses." *Merchant v. Lopez*, 2010 WL 1948922, at *1 (S.D. Cal. May 12, 2010) (citing

25 *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled [the IFP

26 statute] does not waive payment of fees or expenses for witnesses" plaintiff wanted to call at trial);

27 *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) ("Although the plain language

28 [of the IFP statute] provides for service of process for an indigent's witnesses, it does not waive

payment of fees or expenses for those witnesses.  The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.' . . . We join the Third, Sixth, Seventh, and Eighth Circuits in finding no such authorization. . . .")).  "[N]othing in the Federal Rules of Civil Procedure or Ninth Circuit cases authorize or require the courts to finance or subsidize fees and costs associated with prosecuting a civil action."  *King v. Calderwood*, 2015 WL 7428552, at *1 (D. Nev. Nov. 20, 2015) (citing *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (right of access to courts does not include unlimited free photocopying)).

The Court **DENIES** Plaintiff's request to waive and/or cover the cost of deposing these three witnesses.

**IT IS SO ORDERED.**

Dated: March 3, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge