UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO YATES,<br>         Plaintiff,<br>     v.<br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT,<br>         Defendant. | Case No. 16-cv-01077-MEJ<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 96 |

Defendant West Contra Costa Unified School District produced to Plaintiff Fernando Yates an email written by Defendant's former counsel, Mary Keany. *See* Letter, Dkt. No. 96. On December 30, 2016, Plaintiff attached that email as an exhibit to a motion to compel, circling, underlining, and starring the portion written by Ms. Keany. *See* Mot., Ex. G, Dkt. No. 57. On February 3, 2017, Defendant informed Plaintiff of the inadvertent disclosure and requested he destroy or return all copies of the privileged email. *See* Letter at 2. Plaintiff refused to do so, arguing any privilege had been waived: "Plaintiff had access to that letter for several months before defendant counsel giving notice, and included in a pleading December 30, 2016, and Defendant's counsel failed to object at that time." *Id.* He also argues privilege is waived under the crime/fraud exception. *Id.*

Federal Rule of Evidence 502(b) provides that disclosure of a protected communication does not waive the attorney-client privilege or work product protection where "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error[.]" Defendant has not satisfied its burden of showing it meets any of these requirements. The only information Defendant provides about the email is that it "was inadvertently produced among the 375

documents produced to Plaintiff to date." *See* Letter at 1. Defendant does not provide any details from the attorney or entity that produced the email to support its contention the email was inadvertently produced, and how it came to be produced. Defendant does not describe what steps it took to prevent the disclosure, nor explain how a privileged document was overlooked in a production of this manageable size. Defendant also cannot show it "promptly took steps to rectify the error" when it did not inform Plaintiff of the disclosure immediately after he attached the privileged communication to his December 30, 2016 filing. Instead of "promptly" informing Plaintiff of the inadvertent disclosure and requesting he return or destroy all copies of the communication, Defendant waited over one month to ask Plaintiff to do so. Finally, Defendant waited an additional month before bringing the dispute to this Court's attention. Defendant provides no explanation for the delay in requesting Plaintiff return the inadvertently produced email, nor for the additional delay in seeking redress from the Court.

Under these circumstances, the Court finds Defendant waived the attorney-client privilege and work product protection for Ms. Keany's email.

**IT IS SO ORDERED.**

Dated: March 9, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge