UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO YATES,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 16-cv-01077-MEJ<br><br>**ORDER DENYING MOTION REQUESTING PERMISSION TO FILE MOTION TO COMPEL**<br><br>Re: Dkt. No. 104 |

Plaintiff Fernando Yates seeks permission to file a motion to compel. *See* Mot., Dkt. No. 104. Plaintiff argues Defendant West Contra Costa Unified School failed to identify certain emails in its amended disclosures, and improperly refused to respond to discovery requests. *Id.*

**A.    Motion Requesting Permission to File Motion to Compel**

The Court's Standing Order re: Discovery prohibits parties from filing motions to compel:

> <u>No motions to compel shall be considered</u>. Instead, the parties must meet and confer <u>in person</u> for the purpose of resolving all disputes[.]
>
> If the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which state any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times during which all parties are available for a telephonic conference. . . The Court will not excuse a party from the requisite in-person meeting unless good cause is shown.

*See* Standing Order re: Disc. ¶¶ 2-3 (emphasis in original).

Plaintiff represents he met and conferred with Defendant's counsel, and that counsel refused to file a joint letter regarding the discovery dispute. *See* Mot. Plaintiff does not represent

the parties met and conferred in person, and does not "include a declaration which states any attempt to meet and confer and/or obtain the joint letter, [or] the reasons for the inability to comply with the standing order." Standing Order ¶ 3. Plaintiff does not show good cause for being unable to meet and confer in person. In fact, such good cause would be hard to show under the circumstances. Based on the documents Plaintiff attaches to his Motion, Plaintiff filed his Motion three days after Defendant served its discovery responses. *See* Mot. The meet and confer requirement is not a pro forma matter; the parties must do so "in good faith to attempt to resolve their disputes." Standing Order ¶ 2. Plaintiff's filing does not explain how the parties "in good faith . . . attempt[ed] to resolve their disputes" in those three days, and does not demonstrate the parties reached an impasse. The Court and the parties share the responsibility to resolve disputes in a "just, speedy, and inexpensive" manner. Fed. R. Civ. P. 1. By not first engaging in a meaningful in-person meet and confer with Defendant, Plaintiff's approach contravenes this goal.

The dispute is not ripe for the Court, and Plaintiff's Motion is **DENIED** without prejudice. The parties **MUST** meet and confer in person regarding this discovery dispute before filing a joint letter brief, or must certify why they could not do so.

**B. Guidance re: Discovery Requests**

To guide the parties' anticipated in-person meet and confer discussions, the Court provides the following observations regarding the discovery requests and responses Plaintiff attached to his Motion:

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires parties to disclose copies or descriptions of "all documents, electronically stored information, and tangible things hat the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Defendant's failure to produce the emails Plaintiff lists does not "deceive" the Court; rather, it indicates Defendant does not intend to rely on these documents to support its claims or defenses, except for impeachment purposes.[1] If

---

[1] Of course, if those documents are responsive to Plaintiff's discovery requests, relevant, and not privileged, Defendant must produce them; there appears to be no dispute that Plaintiff's requests have not been proportional. *See* Fed. R. Civ. P. 26(b)(1).

2

1    Defendant improperly attempts to rely on the documents Plaintiff identifies for purposes other
2    than impeachment, only then may Plaintiff object on the ground Defendant did not list the
3    documents in its disclosures.

4    Plaintiff also identifies seven interrogatories he contends Defendant failed to adequately
5    answer. Mot. at 2. These correspond to Special Interrogatories 7-13. *See id*. at ECF pp. 9-12.
6    Defendant responded to Interrogatories 8 and 9, but objects the remaining Interrogatories are
7    vague, ambiguous, unintelligible, assume facts not in evidence, lack foundation, and are not full
8    and complete in themselves. *Id.* The Court agrees with Defendant that the majority of the
9    Interrogatories are difficult to understand, and the meet and confer process will give Plaintiff the
10   opportunity to clarify his requests.

11   Finally, Plaintiff argues Defendant refuses to produce requested documents. *See* Mot. at 1;
12   *see also* ECF pp. 6-8 (Defendant's Responses to Requests for Production ("RFPs")). Plaintiff
13   does not indicate the particular requests for which Defendant has allegedly withheld responsive
14   documents. Defendant has not refused to produce documents: in response to RFP Nos. 1 and 2,
15   Defendant indicates it *already* produced documents and identifies specific Bates-numbered
16   documents that are responsive to the RFPs. *Id.* Defendant need not produce documents that
17   already have been produced. During the meet and confer process, Plaintiff should explain the
18   basis for his belief that Defendant is withholding other responsive documents. Defendant objects
19   to RFP No. 3, which seeks "[e]-mails indi[c]ating plaintiff the correct dates on his letter of
20   resignation form, hand[ed in] to him on November 14, 2014." ECF p. 8. Defendant objects that
21   the request is overbroad, vague, ambiguous, unintelligible, assumes facts not in evidence, lacks
22   foundation, and states it cannot respond to the RFP as it is currently worded. Again, the Court
23   agrees that this RFP is confusing, and suggests Plaintiff clarify it during the meet and confer
24   process. Defendant can also explain the meaning of its objections that the RFP assumes facts not
25   in evidence and lacks foundation.

26   //
27   //
28   //

**CONCLUSION**

Plaintiff's Motion is **DENIED** without prejudice. The parties shall meet and confer in person to discuss the aforementioned dispute, as well as any others they anticipate.

**IT IS SO ORDERED.**

Dated: April 20, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge