UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO YATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant. | Case No. 16-cv-01077-MEJ<br><br>**DISCOVERY ORDER** |

## INTRODUCTION

Pending before the Court is the parties' long-standing dispute regarding different discovery requests. The Court previously denied Plaintiff's motion for permission to file a motion to compel and ordered him to meet and confer with Defendant in person to discuss his contentions. *See* April 20, 2017 Order, Dkt. No. 105. After the parties indicated they had been unable to resolve their disputes, the Court held a telephonic hearing and ordered them to attend a meet and confer conference in the Courtroom. *See* May 3, 2017 Order, Dkt. No. 108; Minute Entry, Dkt. No. 109. When the parties appeared for the conference, the Court explained that it would not supervise the conference, but expected the parties to discuss their open issues and reduce any remaining disputes in writing. The parties did so, and the Court appends their Joint Letter to this Order.

Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

## DISCUSSION

### A. Plaintiff's Responses to Defendant's Discovery

Defendant propounded Special Interrogatories and Inspection Demands on Plaintiff. Plaintiff's responses to the Defendant's Discovery are attached as Exhibit 1 to the Joint Letter. Two of the documents the parties discuss in the Joint Letter are attached as exhibits thereto: Plaintiff's email of March 22, 2017 is attached as Exhibit 2; WCCUSD00131 is attached as Exhibit 3.

1. <u>Special Interrogatories 1 and 2</u>

Plaintiff responded to Defendant's special interrogatories by handwriting one or two word responses on the interrogatories themselves. In response to Special Interrogatory 1,which asks Plaintiff to itemize his economic damages, Plaintiff answered "Benefits." Joint Letter, Ex. 1. He provided further detail in his email of March 22, 2017. *See id.*, Ex. 2. In response to Special Interrogatory 2, which asks Plaintiff to identify witnesses to can corroborate each element of economic damages,, he answered "Benefits Documents." *Id.*, Ex. 1. Based on the March 22, 2017 email clarifying his responses, the notations "Rosa Loza" and "Alissa Wilkinson" also respond to this interrogatory, although that is unclear from the face of the response.

2

At the beginning of the May 12, 2017 meet and confer conference, the Court explained to Plaintiff that he needed to provide formal, typewritten responses to Defendant's discovery requests and that he could not simply hand write or email responses to defense counsel. Plaintiff indicated he understood. In the Joint Letter, Plaintiff explains the March 22, 2017 email provides additional itemization of his damages, and that he also provided additional information during his deposition. The fact Plaintiff offered additional information to defense counsel does not relieve him of his obligation under the Federal Rules of Civil Procedure to respond to these special interrogatories "fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Plaintiff shall "fully" respond to these two special interrogatories no later than May 22, 2017. In a formal pleading captioned with this case name and number and titled "Amended Responses to Special Interrogatories 1 and 2," Plaintiff shall type the text of Special Interrogatories 1 and 2; he shall write out his *full* responses immediately below each interrogatory; and he shall sign his amended responses under penalty of perjury. Plaintiff's pro se status does not excuse him from complying with the rules of discovery. *See McNeil v. Hayes*, 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014) ("Pro se litigants are not relieved of their obligation to follow the rules governing discovery[.]"). Plaintiff's refusal to provide formal amended responses after indicating he understood the Court's explicit instruction to do so suggests he is abusing the discovery process.

2. Inspection Demands 5 and 6

Defendant asked Plaintiff to produce all documents he sent to or received from the California Commission on Teacher Credentialing relating to the suspension of his teaching credentials or the resolution of same. During the May 12, 2017 conference, Plaintiff reiterated his prior representation that the document marked "WCCUSD 00311" is the only document responsive to this Inspection Demand, but he refused to amend his response to so state. Rule 34 does not require Plaintiff to identify responsive documents in his response; it requires Plaintiff either to object to the request with specificity (i.e., state the basis for his objection) and indicate whether he is withholding any documents based on his objection, or to state he will allow inspection or produce responsive documents. Fed. R. Civ. P. 34(b). To the extent Plaintiff has not

complied with his obligations under Rule 34 obligation, he shall do so, but the Court will not order Plaintiff to amend his response to Inspection Demand 5 to identify WCCUSD 00311 as the only document responsive to the request.

Defendant also asked Plaintiff to produce evidence of his earnings. Plaintiff informed Defendant that he was not making a lost wages claim, but refused to amend his response to this Inspection Demand. To the extent Plaintiff has not stated in his responses that (1) he objects to Inspection Demand 6 on the ground it seeks irrelevant information because he is not seeking lost wages in this action, and (2) he is withholding all responsive materials on the basis of this objection, Plaintiff is ordered to amend the response to so state. Plaintiff shall follow the same format the Court ordered him to use for his amended special interrogatory responses.

**B. Defendant's Responses to Plaintiff's Discovery**

1. Special Interrogatories

Plaintiff argues Defendant refuses to answer Special Interrogatories 7 and 13.

Special Interrogatory 7 asks Defendant to "[g]ive the correct dates requested to on his letter of resignation form dated November 14, 2014." Plaintiff added additional verbiage in his Joint Letter, but refused to amend his interrogatory or discuss it with Defendant during the May 12 conference. The Court previously observed that Plaintiff's special interrogatories were difficult to understand, and stated "the meet and confer process will give Plaintiff the opportunity to clarify his requests." April 20, 2017 Order at 3. The fact Plaintiff refused to take the opportunity to do so, and ignored the Court's order requiring him to do so, again suggests he is abusing the discovery process. The Court sustains Defendant's objections that Interrogatory 7 is ambiguous, unintelligible, assumes facts not in evidence, and lacks foundation. Defendant need not respond to Special Interrogatory 7.

Special Interrogatory 13 asks Defendant, "Did WCCUSD shared [sic] with CTA Bell Rhem their concerns about plaintiff [sic] brain surgery." Plaintiff again refused to discuss this interrogatory during the May 12 conference. The Court sustains Defendant's objections that Interrogatory 13 is vague (who at WCCUSD, shared how, concerns about what aspect of the surgery, during what time frame), and assumes facts not in evidence (that employees had

4

1 concerns).  *See* Pl.'s Permission to File Mot. to Compel at ECF p. 12, Dkt. No. 104.  Defendant

2 need not respond to Special Interrogatory 13.

        2.     <u>Inspection Demand 1</u>

Plaintiff seeks to compel the production of "[e]-mails between CTA Rhem Bell and West Contra Costa Unified School District pertaining [to] plaintiff Fernando Yates."  Pl.'s Permission to File Mot. to Compel at ECF p. 7.  Defendant objected to the request on a number of grounds, stated that responsive documents already had been produced, and identified specific responsive documents it already had produced.  *Id*. at ECF pp. 7-8.  In denying Plaintiff permission to file a Motion to Compel, the Court stated

> Defendant has not refused to produce documents: in response to RFP Nos. 1 and 2, Defendant indicates it already produced documents and identifies specific Bates-numbered documents that are responsive to the RFPs.  *Id.*  Defendant need not produce documents that already have been produced.  During the meet and confer process, Plaintiff should explain the basis for his belief that Defendant is withholding other responsive documents.

April 20, 2017 Order at 3.  In the Joint Letter, Plaintiff argues he "identified" additional emails between Defendant and Bell that Defendant did not produce, but does not provide any further explanation for the basis of his belief.  Joint Letter at 6.  Defendant reports Plaintiff stated he knew these emails existed because he had sent them, and that Plaintiff also represented he could not reproduce the emails.  *Id*. at 7.  Defense counsel reiterates that all non-privileged responsive emails have been produced.  *Id*.

No later than May 25, 2017, Plaintiff shall file a declaration describing each email he believes is missing, stating with as much specificity as possible when he sent or received these emails, who else sent or received the emails, and who was copied on any email.  Defendant will file a declaration no later than June 9, 2017, confirming that the emails of the persons Plaintiff identified as having sent or received the alleged emails were searched, and confirming that no additional emails from/to Bell exist beyond the documents that already have been produced.

**CONCLUSION**

The Court has attempted to make it abundantly clear to Plaintiff that he must abide by the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court.  This includes the

obligation to *meaningfully* meet and confer with Defendant—all the more so when the Court has ordered the parties to do so, and provided specific guidance in prior orders about its expectations and Plaintiff's obligations.  Plaintiff's disregard for the rules of discovery and this Court's Orders are taxing both Defendant's and the Court's resources and are becoming abusive.  Plaintiff's continued refusal to follow the applicable rules and orders of this Court will expose him to sanctions.  *See* Fed. R. Civ. P. 37(b)(2).

**IT IS SO ORDERED.**

Dated: May 15, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge