UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO YATES,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 16-cv-01077-MEJ<br><br>**ORDER RE MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 133 |

The Court granted Defendant West Contra Costa Unified School District's Motion for Summary Judgment on August 4, 2017. *See* Order, Dkt. No. 131. Pending before the Court is Defendant's Motion for Attorneys' Fees. *See* Mot., Dkt. No. 133. Plaintiff Fernando Yates opposed the Motion. Opp'n, Dkt. No. 136. Defendant did not file a Reply in the time scheduled by Civil Local Rule 7-3(c). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the September 28, 2017 hearing.[1] For the following reasons, the Court **DENIES** the Motion.

Absent statute or enforceable contract, each party typically pays its own attorneys' fees and generally is not entitled to recover its fees from its adversary. *See Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y*, 421 U.S. 240, 257 (1975). Defendant does not identify either a statutory or contractual basis for awarding attorneys' fees, but argues a fee award is appropriate because Plaintiff, the losing party, acted in bad faith. *See id.* at 258-59 (it also is "unquestionably" within a court's inherent power to allow attorneys' fees in particular situations, including when a party has

---

[1] Plaintiff's Motion to Appear by Telephone (Dkt. No. 140) accordingly is denied as moot.

acted in bad faith). Defendant argues Plaintiff's claims lacked merit, and were filed to cover up Plaintiff's own job abandonment. *See* Mot. As a result, Defendant seeks to recover the $71,365 it expended in attorneys' fees.

Plaintiff represented himself in this action. As the docket illustrates, he had difficulties understanding the practice of discovery and repeatedly failed in his efforts to secure discovery from his opponent. *See, e.g.*, Order Denying Mot. to Compel and Suggestion for Polygraph Examination, Dkt. No. 91; Order Denying Request for Waiver of Dep. Costs, Dkt. No. 93; Order Denying Mot. for Polygraph Examination, Dkt. No. 95; Order Denying Request to File Mot. re Dep. as Premature, Dkt. No. 101; Order re Mot. for Protective Order, Dkt. No. 102; Order Denying Mot. for Permission to File Mot. to Compel, Dkt. No. 105; Disc. Order, Dkt. No. 110; Order Denying Mot. Requesting Defs. Provide Documents, Dkt. No. 112. While the Court concluded Plaintiff failed to create a triable issue of fact on summary judgment, it did not find Plaintiff's claims were brought in bad faith or were filed for an improper purpose. *See* Order. That Plaintiff ultimately could not offer sufficient evidence to defeat summary judgment does not show he filed this action in bad faith.

The Court acknowledges this case was frustrating, and that Defendant expended resources unnecessarily as a result of Plaintiff's conduct during discovery. Nevertheless, the Court will not exercise its discretion to award $71,365 in attorneys' fees against a pro se plaintiff absent clear evidence of bad faith or improper purpose. Because the Court has not found such clear evidence, Defendants' Motion for Attorneys' Fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 12, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge